No. DA 06-0070

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 222N

_____

TAMMY ANN GORDON,

        Petitioner and Respondent,

    v.

BILLY JAMES GORDON,

        Respondent and Appellant.

_____

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone, Cause No. DR 04-1194
The Honorable Gregory R. Todd, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Benjamin J. LaBeau, LaBeau Law Firm, Billings, Montana

        For Respondent:

        George T. Radovich, Attorney at Law, Billings, Montana

_____

Submitted on Briefs:  August 23, 2006

Decided:  September 6, 2006

Filed:

_____
               Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Billy James Gordon (Billy) appeals from the District Court's findings of fact and conclusions of law and order dissolving his marriage to Tammy Ann Gordon (Tammy) and dividing the parties' marital estate. Billy and Tammy were married for twenty-four years and living in Yellowstone County at the time that they filed for dissolution. They had no minor children. The District Court held a trial on the parties' petition for dissolution on April 15, 2005. Both parties submitted proposed findings of fact and conclusions of law. The District Court entered its Order on August 25, 2005.

¶3 The parties' residence and twenty acres constituted the bulk of the marital estate. The District Court awarded it to Tammy. The District Court divided the remaining assets nearly equally between Billy and Tammy. The District Court also divided the parties' liabilities. The District Court assigned most of the liabilities to Tammy, including a mortgage on the residence and twenty acres that it had awarded to Tammy. The District Court noted that the distribution is "nearly equal" and that to the extent that it favors Tammy, "it is also noted that she assumes a credit card debt which is a short term, high

interest debt, while Billy only assumes debt on secured assets." Billy appeals the District Court's distribution.

¶4 Billy argues that the District Court erroneously adopted Tammy's amended proposed findings of fact and conclusions of law. He concedes that nothing prohibits the District Court from adopting the prevailing party's proposed findings, but argues that any proposed findings must be "sufficiently comprehensive and pertinent to the issues to provide a basis for decision" and be supported by the evidence. *Hurley v. Hurley*, 222 Mont. 287, 296, 721 P.2d 1279, 1285 (1986). He contends that the District Court's adoption of Tammy's findings led to a "patently unfair result." Billy further contends the District Court fails to support its findings of fact with substantial evidence, that the District Court misapprehended the effect of the evidence, and made various mistakes. Finally, Billy argues the District Court abused its discretion in determining the contents of the marital estate, the net worth of the marital estate, the distribution of the marital estate, and the valuation of those distributions.

¶5 We review a district court's order and dissolution proceedings to determine whether the court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice. *Collins v. Collins,* 2004 MT 365, ¶ 16, 324 Mont. 500, ¶ 16, 104 P.3d 1059, ¶ 16. The district court possesses discretion to adopt any reasonable valuation of property supported by the record. *In re Marriage of Bee*, 2002 MT 49, ¶ 34, 309 Mont. 34, ¶ 34, 43 P.3d 903, ¶ 34. The omission of a particular item from the distribution does not necessarily constitute reversible error if the district court's findings as a whole are sufficient to determine that

3

the distribution of the marital estate was equitable. *In re Marriage of Harkin*, 2000 MT 105, ¶ 31, 299 Mont. 298, ¶ 31, 999 P.2d 969, ¶ 31.

¶6 We have determined to decide this case pursuant to Section I, paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and record before us that substantial evidence supports the District Court's findings of fact, that the legal issues are clearly controlled by settled Montana law that the District Court correctly interpreted, and that there was no abuse of discretion by the District Court.

¶7 We affirm the judgment of the District Court.


/S/ BRIAN MORRIS


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER